**Steven E. GARCIA, Trustee and Attorney–in–Fact for Richard L. Garcia, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 00–55090.

D.C. No. CV–98–07521–RSWL.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2001.

Decided Sept. 25, 2001.

1. Appellee's motion to expand the record is denied as moot.

Before KOZINSKI and TALLMAN, Circuit Judges, and COLLINS,* District Judge.

MEMORANDUM **

Richard Garcia sued the United States under the Federal Torts Claim Act (FTCA) alleging negligence by United States Postal Inspectors for failing to investigate a threat to kill him made by a co-worker's husband. The district court granted summary judgment in favor of the United States, finding that it lacked subject matter jurisdiction because the discretionary function exception of the FTCA applied. We review de novo the district court's determination of lack of subject matter jurisdiction under the discretionary

function exception. *Arizona Maint. Co. v. United States,* 864 F.2d 1497, 1499 (9th Cir.1989). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

I

Because the parties are familiar with the tragic facts of this matter, we recite them only as necessary to explain our analysis. Beginning in the fall of 1995, Garcia was stalked by and received on-going threats from one Deniz, the husband of a co-worker. When Mrs. Deniz reported the threats to the Postal Inspectors, they conducted a detailed investigation involving all relevant parties. They interviewed the non-employee, Deniz, who had threatened both Garcia and another male co-worker, and told Deniz to stop. Nonetheless, Deniz's threats against Garcia escalated in both frequency and severity. Threats were received both at home and at work. As a result, Garcia filed several police reports and eventually obtained a state court temporary restraining order against Deniz in late December. Unfortunately, Deniz ambushed Garcia on January 2, 1996, in a private parking lot near the post office.

II

The FTCA authorizes suits against the United States for damages for personal injuries when a private person would be liable under the law of the place where the act or omission causing the injury occurred. *See* 28 U.S.C. §§ 1346(b), 2674. Such a suit against the government is not available, however, when the act or omission complained of is "based upon the exercise or performance or the failure to exercise or perform a discretionary func-

---

* Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

tion or duty on the part of a federal agency or an employee of the [g]overnment." 28 U.S.C. § 2680(a).

The government has the burden of proving the discretionary function exception to the FTCA's general waiver of immunity. *See Prescott v. United States,* 973 F.2d 696, 702 (9th Cir.1992). The existence of choice is essential to the application of the exception, *see Berkovitz v. United States,* 486 U.S. 531, 536, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988), "but does not alone justify its application." *Camozzi v. Roland/Miller & Hope Consulting Group,* 866 F.2d 287, 289 (9th Cir.1989).

In accordance with the Supreme Court's decision in *Berkovitz,* we use a two-step test to determine whether the discretionary function exception applies. *Prescott,* 973 F.2d at 703. First, we consider "whether the challenged action is a matter of choice for the acting employees: [T]he discretionary function exception will not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow and the employee fails to follow that course of action." *Id.* (internal quotations omitted). Second, if the challenged conduct does involve an element of judgment, we must determine whether that judgment "is of a kind that the discretionary function was designed to shield." *Id.*

"When established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *United States v. Gaubert,* 499 U.S. 315, 324, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). Discretionary conduct is not confined to the policy or planning level. *See id.* at 325. "[I]t is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case." *United States v. Varig Airlines,* 467 U.S. 797, 813, 104 S.Ct. 2755, 81 L.Ed.2d 660 (1984).

## III

The Postal Inspectors' decision not to intervene further or to conduct a broader investigation into the most recent threat made by Deniz, and their failure to protect Garcia off-site, falls within the discretionary function exception. First, under the relevant postal regulations, manuals and handouts, the Inspectors were required to gather details of the threat; to determine if the threat was credible; and to take prompt and appropriate action.[1] The breadth of the investigation required is a judgment call. *See Miller v. United States,* 163 F.3d 591, 595 (9th Cir.1998) (holding that the "existence of some mandatory language does not eliminate discretion when the broader goals sought to be achieved necessarily involve an element of discretion"). *Cf. Vickers v. United States,* 228 F.3d 944, 953 (9th Cir.2000) (holding that investigation and reporting of all firearm discharges was mandatory, but conduct of investigation was discretionary). What the inspectors were to do in response to the threat in an effort to protect Garcia also involved a matter of choice in upholding the general policy of preventing harm to postal employees. Those choices are the kind that the discretionary function was designed to shield. *See Blackburn v. United States,* 100 F.3d 1426, 1431 (9th

---

1. Although one relevant regulation states that the United States Postal Service "must firmly and unequivocally commit to do everything within [its] power to prevent further incidents of work-related violence," this language does not render any resulting violence a failure to perform a mandatory duty.

Cir.1996); *Valdez v. United States,* 56 F.3d 1177, 1180 (9th Cir.1995).

The binding regulations did not *require* the Postal Inspectors to escort Garcia off premises or to locate and apprehend Deniz. Because the discretionary function exception to the FTCA's waiver of sovereign immunity shields review of all alleged acts of negligence by United States' employees, we need not decide whether the Postal Inspectors owed Garcia a duty under state law.

AFFIRMED.

COLLINS,* District Judge, dissenting.

Because I disagree with the majority's determination that the Postal Inspectors had discretion under their governing regulations to take no action when informed of a threat against Garcia on January 2, 1996, I respectfully dissent. As stated in the majority opinion, the relevant regulations required the Postal Inspectors to gather details of a threat, determine if a threat is credible and take appropriate responsive action. The majority determined that the Postal Inspectors' investigation of Mr. Deniz's stalking of Garcia in November and early December 1995, satisfied their obligation to review a distinct threat on January 2, 1996. It is with that determination that I disagree.

On January 2, 1996, Garcia reported to the Postal Inspectors that Mr. Deniz had made a threat against his life that day. That evening, Mr. Deniz shot Garcia rendering him a quadriplegic. The January 2 threat was separate in time, and more serious from the threats previously investigated, and under their own regulations the Postal Inspectors were required to gather information about it and respond

appropriately. While the extent of the mandated investigation and response was discretionary, the Postal Inspectors did *nothing* and the regulations did not allow them to make that choice. Because the Postal Inspectors did not have discretion under the regulations to make no response to the January 2, 1996 threat, the discretionary function exception to the Federal Tort Claims Act does not apply. Therefore, I respectfully dissent and would reverse the district court's ruling and remand for further proceedings.